**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. ________________________________**

AVIONICS SUPPORT GROUP, INC.,

Plaintiff,

v.

NAVAERO, INC., and
GLOBAL EAGLE ENTERTAINMENT, INC.,

Defendants.
____________________________________________/

# COMPLAINT

Plaintiff Avionics Support Group, Inc. ("ASG") files this Complaint against Defendants navAero, Inc. ("navAero") and Global Eagle Entertainment, Inc. ("GEE") (collectively, "Defendants"), and shows the Court as follows:

## NATURE OF THE ACTION

1.

This lawsuit arises from Defendants' infringement under 35 U.S.C. § 271 of United States Patent No. 7,686,250, entitled ELECTRONIC DISPLAY MOUNT, which was issued on March 30, 2010 (the "'250 Patent"). The '250 Patent discloses an invention involving a mount for an electronic display device, including a mount typically used in the cockpit of an airplane for a device known as an electronic flight bag.

## PARTIES, JURISDICTION AND VENUE

2.

ASG is a Florida corporation with its principal place of business located at 13155 SW 132 Avenue, Miami, Florida 33186. ASG owns the '250 Patent.

3.

Upon information and belief, navAero is a Delaware corporation registered to do business in the State of Florida with its principal place of business located at 100 N. Biscayne Boulevard Way, Suite 1400, Miami, Florida 33132.

4.

Upon information and belief, GEE is a Delaware corporation registered to do business in the State of Florida with its principal place of business located at 5251 NW 96th Drive, Coral Springs, Florida 33076.

5.

Upon information and belief, Defendants are affiliated entities with navAero being a subsidiary of GEE.

6.

Upon information and belief, Defendants own and operate websites with the following addresses: www.navaero.org and www.navaero.com.

7.

This Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et. seq*.

8.

This Court has personal jurisdiction over Defendants because Defendants maintain offices and are registered to conduct business in the State of Florida. Defendants further sell, offer for sale, market and advertise certain infringing devices in this District. Defendants have transacted, and continue to transact, business in this District and Defendants have placed, and continue to place, infringing devices into the stream of commerce with the knowledge and understanding that such infringing devices are sold and used in this District. In addition, Defendants have infringed and continue to infringe the '250 Patent in this District.

9.

Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### I. ASG's Ownership and Use Of The '250 Patent.

10.

The '250 Patent was duly and lawfully issued on March 30, 2010, based upon an application filed by the inventors Hugo L. Fortes, Armand Wong, Robert Alfonso, Alex Rodrigo, Raul Segredo and Stylian Cocalides. A copy of the '250 Patent is attached as Exhibit 1.

11.

ASG owns the '250 Patent by virtue of an assignment recorded on February 20, 2006.

12.

ASG has manufactured, distributed, sold, offered for sale, marketed and advertised certain electronic flight bag mounts covered by the '250 Patent, including ASG's line of cfMount™ electronic flight bag mounts, as well as those ASG products and kits incorporating such electronic flight bag mounts.

## II. <u>Defendants Infringe The '250 Patent Through The Infringing Devices.</u>

13.

Defendants sell, offer for sale, market and advertise, including in this District, certain electronic flight bag mounts which infringe one or more claims of the '250 Patent, including the navAero electronic flight bag mount with model number 14-MDU-10 (the "Infringing Devices").

14.

Defendants have never been granted any authorization, assignment or license from ASG related to the '250 Patent, and Defendants' sale, offer for sale, marketing and advertisement of the Infringing Devices has been conducted without ASG's permission or authorization.

## <u>COUNT I – INFRINGEMENT OF THE '250 PATENT</u>
## (Direct Infringement – Literal or Under the Doctrine of Equivalents)

15.

ASG incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 14 above.

16.

Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, one or more claims of the '250 Patent by selling, offering for sale, marketing and advertising the Infringing Devices in violation of 35 U.S.C. § 271.

17.

Defendants' infringement of the '250 Patent has been and continues to be willful, deliberate and intentional.

18.

Defendants have profited and continue to profit from their infringement of the '250 Patent.

19.

ASG has suffered and continues to suffer monetary damages as a direct and proximate result of Defendants' infringement of the '250 Patent.

20.

ASG has suffered and continues to suffer irreparable harm from Defendants' infringement of the '250 Patent for which it lacks an adequate remedy at law, and ASG is entitled to preliminary and permanent injunctive relief enjoining Defendants' infringing conduct.

**COUNT II – INFRINGEMENT OF THE '250 PATENT**
**(Contributory and Inducement of Infringement)**

21.

ASG incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 20 above.

22.

By knowingly and specifically intending to contribute to or induce infringement by others of one or more claims of the '250 Patent, Defendants have infringed and continue to infringe the '250 Patent, including by selling, offering for sale, marketing and advertising the Infringing Devices in violation of 35 U.S.C. § 271.

23.

Defendants' infringement of the '250 Patent has been and continues to be willful, deliberate and intentional.

24.

Defendants have profited and continue to profit from their infringement of the '250 Patent.

25.

ASG has suffered and continues to suffer monetary damages as a direct and proximate result of Defendants' infringement of the '250 Patent.

26.

ASG has suffered and continues to suffer irreparable harm from Defendants' infringement of the '250 Patent for which it lacks an adequate remedy at law, and ASG is entitled to preliminary and permanent injunctive relief enjoining Defendants' infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, ASG prays for the following relief:

a. Judgment in ASG's favor on all of its claims against Defendants;

b. A judgment that the '250 Patent remains valid and enforceable;

c. A judgment that Defendants have directly infringed, contributorily infringed and induced infringement of one or more claims of the '250 Patent;

d. An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, licensees, parents, subsidiaries, affiliates, successors, assigns and all others acting in concert with them from further infringement of the '250 Patent;

e. An award to ASG of actual and compensatory damages in an amount sufficient to compensate ASG for Defendants' infringement of the '250 Patent, but in no event less than a reasonable royalty for Defendants' infringement of the '250 Patent;

f. A judgment that Defendants' willful and intentional infringement of the '250 Patent renders this an exceptional case under 35 U.S.C. § 285;

g. An award to ASG of treble damages for Defendants' willful and intentional infringement of the '250 Patent;

h. An award to ASG of the reasonable attorneys' fees and costs incurred by it in this case; and

i. Such other relief to ASG as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), ASG hereby demands a jury trial on all issues so triable raised in this action.

Dated: December 22, 2016 Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Robert B. Graziano*_________________
ROBERT B. GRAZIANO
Florida Bar No. 052149
2390 Tamiami Trail North, Suite 100
Naples, FL 34103
P: (239) 227.2880
Robert.Graziano@fisherbroyles.com

VINCENT BUSHNELL
(*pro hac vice* application to be submitted)
vincent.bushnell@fisherbroyles.com
1200 Abernathy Road
Building 600, Suite 1700
Atlanta, GA 30328
Tel: 678-902-7190

*Attorneys for Plaintiff*
*Avionics Support Group, Inc.*